648

## PHILADELPHIA ELECTRIC POWER CO. et al. v. FEDERAL POWER COMMISSION.

### No. 9061.

Circuit Court of Appeals, Third Circuit.

Argued May 7, 1946.

Decided July 8, 1946.

Ernest R. VonStarck, of Philadelphia, Pa. (Wm. Clarke Mason, A. Allen Woodruff, and Morgan, Lewis & Bockius, all of Philadelphia, Pa., on the brief), for petitioners.

Howard E. Wahrenbrock, of Washington, D. C., for respondent.

Before EDGERTON, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

The Philadelphia Electric Power Company and the Susquehanna Power Company (hereafter referred to as Power Companies) seek review by this Court of certain orders of the Federal Power Commission. The review proceeding is authorized by Section 313(b) of the Federal Power Act.[1] The Power Commission moves to dismiss the petition for review on the ground that petitioners have not complied with the requirements of the statute upon which their right to review is conditioned. That is the only question before the Court at this stage of the proceedings.

The Commission's contention is that the Power Companies have failed to comply with the time limitation contained in the statute which provides for review. This time limitation is found in Section 313(a) of the Act.[2] The sentence around which the immediate controversy revolves reads as follows: "No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon." The Commission says the petitioners have failed to comply with this requirement.

It is not necessary here to go back over the long history of the argument between the Power Companies and the Federal Power Commission concerning allowable items in determining actual, legitimate, original cost of this particular licensed power project. We can start with the Commission's order of May 23, 1944. That order allowed certain costs, reserved others and disallowed still others. On June 29, 1944 the Power Companies filed with the Commission an application for rehearing with respect, inter alia, to four specific items of cost. These, for the purpose of this discussion, can simply be referred to as items 1, 2, 3 and 4.[3] So far no question can be made, we take it, that petitioners have followed precisely the statutory provisions

---

[1] 16 U.S.C.A. § 825l(b).

[2] 16 U.S.C.A. § 825l(a).

[3] Item 1 had to do with fixed capital assets—Susq. Co.; item 2 had to do

leading up to court review. This application for rehearing was, it should be noted, within the statutory period.[4]

Now we move on to the center of the controversy here. On July 26, 1944 the Commission directed that the rehearing be held on the items 3 and 4 mentioned in the preceding paragraph. In the same order the Commission denied a rehearing as to items 1 and 2. Then the Commission, in paragraph (c) directed as follows: "The Commission's order of May 23, 1944, be and it hereby is stayed pending further order of the Commission."

The rehearing ordered came along promptly. The Commission made certain adjustments on matters thus reheard by its order of August 31, 1945. In that order it directed the licensees to comply with the order of May 23, 1944 as amended. Then it said: "The stay of the Commission's order of May 23, 1944, * * * be and the same hereby is dissolved." The licensees are not complaining about what the Commission did on items 3 and 4 as the result of the rehearing. What they want is to get court review of the items in its order of May 23 upon which the Commission denied rehearing.

To get such review they filed their petition in this Court on October 27, 1945. But they did not, prior to doing so, go back again to the Commission and again ask the Commission to rehear items 1 and 2 on which rehearing had been denied in July. The Power Commission says such omission was a fatal one, that the Power Companies are not in court and their failure to follow statutory requirements goes to the very jurisdiction of the Court to review the matter in controversy.

■ That the Commission has power to grant stays in its own proceedings is admitted in the argument of its counsel. Thus Section 313(c) provides that the filing of the application for rehearing does not operate as a stay of the Commission's order "unless specifically ordered by the Commission." We take it that this Commission has the usual power possessed by courts and administrative bodies to regulate its own proceedings except where specific directions are given by statutes. We take it for granted, and find no evidence in the argument of counsel for the Commission contrary to this, that the stay order of July 26 was within the proper exercise of power of the Commission. Indeed, counsel for the Commission and petitioners agree that this was a wise order because it prevented a possible splitting up of appellate review into various parts. It made it possible to bring whatever was to be brought to a court with regard to the Commission's action concerning these petitioners in one appellate proceeding, thus escaping the partial review found in Northwestern Electric Co. v. Federal Power Commission, 9 Cir., 1942, 125 F.2d 882. But, runs the Commission's argument here, that stay necessarily erased the order of May 23, 1944. It "became as if it were no order or were withdrawn. * * * It was tentative or interlocutory." It was not, the argument runs, alive until the breath of life was breathed into it by the order of August 31, 1945.

■ We think the above words are full of sound and fury, signifying nothing. The result which is argued for here on behalf of the Commission does not seem to us to be in accord with common sense. These petitioners had made their point to the Commission after its original order. They had asked for rehearing as the statute provided. The Commission denied it, in the complete exercise of its authority under

---

with an engineering fee to Stone & Webster, Inc.; item 3 concerned interest during construction; item 4 was concerned with credit for power generated.

[4] The statutory period during which application may be made for rehearing is 30 days from issuance of an order. 16 U.S.C.A. § 825l(a). The Commission's order and opinion were adopted on May 23, 1944. They were not publicly released "until on and after May 31, 1944." Petitioners were served with their copies on June 1, 1944. Section 1.183 of the Commission's Rules of Practice and Regulations provides that "A petition for rehearing must be filed within 30 days after service of the order therein." Hence the procedure of the instant case was timely with respect to the petition for rehearing. These facts are agreed upon by the parties and have been furnished the Court subsequent to the hearing upon the motion.

650

the statute. But the petitioners could not then make their appeal because the Commission stayed its order. They certainly had nothing to complain of in an order which, so long as its operation was postponed, could not possibly hurt them. As soon as the stay was lifted, they proceeded. We see no reason why they should have had to go through the ritual of making another request to the Commission to rehear what the Commission had already said it was not going to rehear. We do not see either, that it was the removal of the stay which is the essential thing of which the petitioners complain. We think its complaint is directed to the items it attacks in the. original order of May, rehearing' on which was denied in July. The petitioners have complied with the statutory provisions and are entitled to come to this Court for such review as the statute provides.

The motion to dismiss is overruled.