**L. Alvis VANDERGRIFF, Savings and Loan Commissioner of Texas et al., Petitioners,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BRECKENRIDGE, TEXAS, Respondent.**

No. B–8338.

Supreme Court of Texas.

June 13, 1979.

Mark White, Atty. Gen., Yolanda Martin, Asst. Atty. Gen., Larry Temple, Austin, for petitioners.

Robert B. Burns, Jr., and John J. McKay, Austin, for respondent.

PER CURIAM.

Respondent First Federal Savings and Loan Association of Breckenridge, Texas filed this suit in district court seeking to set aside an order of the petitioner Savings and Loan Commission of Texas which approved the application of Graham Savings and Loan Association to open a branch office in Breckenridge. In its first amended original petition, First Federal alleged two basic causes of action: one being an administrative appeal of the order as contemplated by statute; and the other being an equitable action to set aside the Commission's order on the grounds that it was obtained by the extrinsic fraud of Graham Savings and Loan Association. The trial court dismissed the case for want of jurisdiction because First Federal had not filed a motion for rehearing before the Commission, which was a jurisdictional prerequisite to filing suit in district court. Tex.Rev.Civ.Stat. Ann. art. 6252–13a §§ 16(c), 16(e). The court of civil appeals reversed and remanded the case to the trial court. 576 S.W.2d 904. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

The court of civil appeals correctly held: (1) First Federal's amended petition alleged two separate causes of action, one in the nature of an administrative appeal and the other in the nature of an equitable action. (2) The trial court properly dismissed the administrative appeal cause of action because no motion for rehearing was filed before the Commission and such motion is by statute a jurisdictional prerequisite for an administrative appeal. (3) The facts alleged in support of the equitable action did not constitute extrinsic fraud as that term is defined in *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

The court of civil appeals committed error in remanding the cause to the trial court to allow First Federal an opportunity to replead extrinsic fraud. Rule 434 sets forth the provisions governing what disposition the court of civil appeals may make of a case in which it has reversed the judgment of the trial court. The court may

remand the cause for a new trial rather than render a final judgment only if there is error in the trial court judgment. *Barnum v. Lopez,* 471 S.W.2d 567 (Tex.1971); *Halepeska v. Callihan Interests, Inc.,* 371 S.W.2d 368, 385 (Tex.1963). Since First Federal's petition failed to allege facts sufficient to raise extrinsic fraud, the trial court properly dismissed the suit, even if not for the same reasons stated in the court of civil appeals opinion. There was no error in the judgment.

Having determined that First Federal's petition was properly dismissed, we have no need to consider the merits of the court of civil appeals holding that the equitable action to vacate the administrative order for extrinsic fraud was indeed a valid cause of action. Even assuming *arguendo* that it was a valid cause of action, First Federal did not plead adequate facts to support it. The petition therefore should have been dismissed in any event. Consequently, we expressly reserve for future consideration whether an equitable action to vacate an administrative order for extrinsic fraud may be brought, irrespective of any statutory authority to do so. This opinion should not be read as commenting one way or the other on this point.

Having found conflict between the court of civil appeals decision and Rule 434 of the Texas Rules of Civil Procedure, as well as previous opinions of this court, the application for writ of error is granted and, without hearing argument, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed. Tex.R.Civ.P. 483.