**RAILROAD COMMISSION OF TEXAS, et al., Appellants,**

v.

**EXXON CORPORATION, Appellee.**

**No. 09 81 065 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 19, 1982.

Rehearing Denied Sept. 16, 1982.

---

Ralph Aldave, Frank Douglass, Austin, Michael Wilson, Houston, for appellants.

Seldon B. Graham, Jr., Houston, for appellee.

CLAYTON, Justice.

This case arises under Texas' compulsory pooling statute, the Mineral Interest Pooling Act, *Section 102* of the Natural Resources Code (1978). It involves an appeal under the Administrative Procedure and Texas Register Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–13a* (1978), from a decision of the Railroad Commission of Texas (Commission). Appellants, the Railroad Commission, Cities Service Company, Mobil Producing Texas and New Mexico, Inc., and B.M. Sutton d/b/a Sutton & Company, appeal from the judgment entered by the trial court which reversed and set aside an order of the Commission that had dismissed appellee Exxon Corporation's application to pool a 53.514 acre tract it operates in the Sugar Creek (Woodbine) Field with a 592.-611 acre tract operated by Cities Service Company, and remanded the case to the Commission "with instructions that the Railroad Commission enter a nunc pro tunc pooling order which will protect correlative rights."

On September 5, 1979, appellee, Exxon, filed its application with the Commission seeking to pool its tract with Cities Service's tract. A hearing was held on this application on November 13, 1979. Subsequently, appellee was notified that the notice of the hearing was inadequate, and appellee then noticed a new hearing, which was held on January 17, 1980.

On August 19, 1980, the Examiner issued a Proposal for Decision, in which he recommended dismissal of the application, the reasons for which are not material in view of our disposition of this appeal. On September 22, 1980, the Commission adopted the Examiner's Proposal for Decision and dismissed appellee's application. Appellee filed its motion for rehearing on September 29, 1980.

On October 27, 1980, the Commission entered the following order:

"The Railroad Commission of Texas, having considered the Motion for Rehearing, does hereby GRANT such motion so that the Commission may further consider this case and take whatever action may be necessary to resolve the issues raised in the case."

On April 6, 1981, the Commission entered the following order:

### "Final Order

"On September 22, 1980, the Railroad Commission of Texas adopted its Final Order . . . which dismissed Exxon Corporation's Mineral Interest Pooling Act application. On October 27, 1980, the Railroad Commission granted a Motion for Rehearing so that the Commission might further consider the case and take the action necessary to resolve the issues raised in the case.

"The Commission has determined after review that no modification to its order of September 22, 1980 is warranted.

"The Commission hereby adopts and incorporates herein the findings of fact and conclusions of law contained in the proposal for decision dated August 19, 1980, which were adopted by order of September 22, 1980.

"Accordingly it is Ordered by the Railroad Commission of Texas that the application of Exxon Corporation to pool . . . is dismissed." ·

Appellee did not file a motion for rehearing to this April 6, 1981, order and filed its appeal direct to the district court.

Appellants' first point complains of error in "denying Appellants' Pleas to the Jurisdiction because Appellee did not file a motion for rehearing from the Railroad Commission's Final Order of April 6, 1981, and a motion for rehearing is, under Sections 16 and 19 of the Administrative Procedure and Texas Register Act, a prerequisite for appeal to the District Court."

It is undisputed that appellee did not file a motion for rehearing from the April 6,

1981, "Final Order" of the Commission. Appellee argues that such a motion is not required as a prerequisite for an appeal. It contends that the "Order on Motion for Rehearing" entered October 27, 1980, did not grant the motion but merely "granted an extension of time within which to consider the motion," and the order of April 6, 1981, was the act of overruling the motion. It, therefore, concludes that a second motion for rehearing is not required to an order overruling the first motion for rehearing.

■ We do not construe the Order of October 27, 1980, as a mere extension of time within which to act upon the motion for rehearing. This order states that the motion for rehearing was *granted* "so that the Commission may further consider this case and *take whatever action may be necessary to resolve the issues raised* in the case." (Emphasis added.) These quoted words clearly indicate the Commission will subsequently enter an order either completely changing, modifying, or entering the same order as was originally entered. In either event, the finality of the original decision or order was nullified, and a new decision or order would necessarily be entered. It is clear that the Order of October 27, 1980, granted the motion for rehearing and did not merely grant an extension of time within which to act upon the motion. When the motion was granted, this in effect vacated and set aside the order of September 22, 1980, and from that moment until the subsequent order was entered, there was not in existence any order from which an appeal could be taken. See and compare, *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183 (Tex. 1964).

■ Assuming, arguendo, that the Order of October 27, 1980, was merely an order extending the time to consider the motion for rehearing, appellee still cannot prevail.

Extensions of time to consider motions for rehearing are governed by *Section 16(e)* of the APA, the relevant portions of which provide:

"The Agency may be written order extend the period of time for filing the motions and replies and taking agency action, except that an extension may not extend the period for agency action beyond 90 days after the date of rendition of the final decision or order. In the event of an extension, the motion for rehearing is overruled by operation of law on the date fixed by the order, or in the absence of a fixed date, 90 days after the date of the final decision or order."

The October 27, 1980, order did not fix a date on which the motion for rehearing would be acted upon by the Commission. If we accept appellee's characterization and interpretation of such order, its motion for rehearing of the September 22, 1980, order was overruled by operation of law on December 21, 1980. Under *Section 19(b)* of the APA, the September 22, 1980, order became unappealable thirty days thereafter, on January 20, 1981. Appellee's appeal was not filed in the district court until May 4, 1981. Therefore, such appeal was not timely filed, and the trial court did not have jurisdiction.

We hold that when the Railroad Commission grants a motion for rehearing and a subsequent final and appealable decision or order is entered, as a prerequisite to an appeal from such order, a motion for rehearing is required to be filed. Since such a motion for rehearing was not filed from the final order of April 6, 1981, the trial court did not have jurisdiction of the appeal. *Vandergriff v. First Federal Savings and Loan Association,* 586 S.W.2d 841 (Tex.1979).

The judgment of the trial court is reversed, and judgment here is rendered that the appeal from the Railroad Commission's order of April 6, 1981, be and is hereby dismissed.

REVERSED and RENDERED.

KEITH, J., not participating.