**SOUTHERN UNION GAS COMPANY, Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS, Appellee.**

No. 14212.

Court of Appeals of Texas, Austin.

May 8, 1985.

Rehearing Denied June 5, 1985.

Robert B. Rice, Austin, for appellant.

Jim Mattox, Atty. Gen., Jo Campbell, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

Appellant Southern Union Gas Company filed an administrative appeal in the district court of Travis County from an order of appellee Railroad Commission in Gas Utilities Docket No. 3258. The Commission's order set rates for natural gas service in the environs of the City of Borger. The Commission filed a plea to the jurisdiction of the court. After hearing, the district court sustained the plea and rendered judgment dismissing the administrative appeal. This Court will affirm the judgment of the district court.

By four points of error, the gas company attacks the judgment dismissing the administrative appeal. The substance of the points is that the gas company properly filed a motion for rehearing with the Commission.

The facts underlying the Commission's plea to the jurisdiction are undisputed. The Commission's order in Docket No. 3258 was signed on February 28, 1983. House counsel for the gas company timely filed a motion for rehearing to that order. In response, the Commission signed a further order on March 28, 1983, *granting* the gas company's motion for rehearing for the limited purpose of changing the effective date for implementation of the new rates, thereby modifying the February 28 order. The Commission then denied the gas company's motion for rehearing "in all other respects." The gas company *filed no motion for rehearing* in response to the March 28 order.

House counsel for the gas company then filed its administrative appeal to district court predicated upon its motion for rehearing filed in response to the February 28, 1983 order.

To perfect an administrative appeal to the district court, it is established that one must file a motion for rehearing within fifteen days after rendition of the agency's final order. *Vandergriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841 (Tex.1979); Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(c), 16(e) (Supp.1985).

For one to obtain judicial review of an administrative order, the order must be final and appealable. Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 19 (Supp.1985). Section 19(a) of the statute provides in part, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final* decision in a contested case, is entitled to judicial review under this Act." (Emphasis added). Section 19(b) provides further, "Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is *final* and *appealable.*" (Emphasis added). The requirement of finality in the Texas act is not unusual in that many state statutes grant a right of

appeal only from final orders. Even in states not having a specific statutory requirement of finality, the courts ordinarily hold that only final agency orders are reviewable. 2 Cooper, State Administrative Law, p. 588 (1965). Section 19 of the Texas act codifies the pre-existing rule in Texas that only final administrative orders may be judicially reviewed. *Sun Oil Company v. Railroad Commission of Texas*, 158 Tex. 292, 311 S.W.2d 235 (1958); *Sproles Motor Freight Line v. Smith*, 130 S.W.2d 1087 (Tex.Civ.App.1939, writ ref'd).

◾ A final order means an order which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final order. *Railroad Commission of Texas v. Air Products & Chemicals, Inc.*, 594 S.W.2d 219 (Tex.Civ. App.1980, writ ref'd n.r.e.).

The gas company insists that it perfected its administrative appeal pursuant to § 16(e) because, indeed, it did file a motion for rehearing within fifteen days after the February 28 order. The company claims that the filing of that motion for rehearing perfected its administrative appeal to district court no matter what action the Commission might have later taken regarding its order.

◾ The Commission responds that it was immaterial that a motion for rehearing was filed to the February 28 order because the February 28 order was not the *final* order of the Commission. The final order, claims the Commission, was the subsequent March 28 order to which the gas company never filed a motion for rehearing. We agree with the Commission's argument.

It is plain that the Commission *granted*, in part, the gas company's motion for rehearing filed to the February 28 order, thereby changing that order. An order, such as the February 28 order, cannot be final and appealable when of fact it has been changed by a subsequent order—the March 28 order.

◾ The gas company concedes that the Texas authorities are contrary to its position. When an agency grants a motion for rehearing and, thereafter, the agency enters a final order, as a prerequisite to an appeal from such order, a motion for rehearing must be filed. *Railroad Commission of Texas v. Exxon Corp.*, 640 S.W.2d 343 (Tex.App.1982, writ ref'd n.r.e.); *Mahon v. Vandygriff*, 578 S.W.2d 144 (Tex. Civ.App.1979, writ ref'd n.r.e.).[1]

Nevertheless, the gas company argues that this Court, like the Illinois courts, should draw a distinction between an agency order changed substantially in response to a motion for rehearing and one changed only in a minor fashion in response to such motion. When an order is changed in only minor respects, no motion for rehearing is required in Illinois to take an administrative appeal to the trial court. *Du Page Utility Co. v. Ill. Commerce Commission*, 47 Ill.2d 550, 267 N.E.2d 662 (1971). The company suggests, of course, that the March 28 order falls within the latter category and did no more than clarify the prior order to expressly state a right which the gas company already possessed. Accordingly, it argues, the February 28 order should be regarded as the operative order.

This Court doubts the wisdom of a rule that makes finality and appealability of an agency order turn upon whether changes effected in the order in response to a motion for rehearing are of a substantial or of a minor character. Accordingly, this Court declines to tread that mirey bog and will refuse to follow the Illinois rule.

Upon the authority of opinions from the Arizona Supreme Court and the United States Courts of Appeals,[2] the gas compa-

---

1. Although of no precedential value, this Court in an unpublished opinion, *Railroad Commission of Texas v. Lone Star Gas Company*, No. 13,440, July 17, 1982, determined, adversely to appellant's position, the precise issue presented in the instant appeal. In that case, the Supreme Court refused application for writ of error with the notation "no reversible error."

2. *Stevens v. Industrial Commission*, 104 Ariz. 293, 451 P.2d 874 (1969); *State v. Arizona Corp. Comm'n*, 94 Ariz. 107, 382 P.2d 222 (1963); *Boston Gas Co. v. F.E.R.C.*, 575 F.2d 975 (1st Cir.

ny suggests that *Mahon v. Vandygriff,* *supra,* and *Railroad Commission v. Exxon Corporation, supra,* were wrongly decided and invites this Court to abandcn the holdings of the courts in this State and follow in the footsteps of the courts of Arizona and the United States Courts of Appeals. This Court respectfully declines the gas company's bid and will adhere to the holdings of the courts of this State.

It is not material that the gas company filed a motion for rehearing to the February 28 order because that order had been modified and therefore was not the agency's final order. The agency's final order was that of March 28. To have appealed the March 28 order, the gas company must have filed its motion for rehearing with the Commission "... within 15 days after the date of rendition of a final decision or order ..." which it failed to do.

The judgment is affirmed.

1978); *Public Service Comm'n v. Federal Power Comm'n,* 543 F.2d 757 (D.C.Cir.1974); and *Phil-* *adelphia Electric Power Co. v. Federal Power Comm'n,* 156 F.2d 648 (3rd Cir.1946).