**Esequiel and Alice FLORES,
Appellants,**

v.

**FORT BEND CENTRAL APPRAISAL DISTRICT and Fort Bend Central Appraisal District Board of Review, Appellees.**

No. A14–86–358–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 13, 1986.

Abraham Ramirez, Jr., Houston, for appellants.

Dexter Denton Joyner, Pasadena, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from an order of dismissal. Appellants are property owners in Fort Bend County who received property valuations for 1985 from appellee, Fort Bend Central Appraisal District (C.A.D.). Appellants filed a protest with appellee, Fort Bend Appraisal District Board of Review (review board). The review board issued an order September 12, 1985, determining the appraisal records were correct and denying the protest. Appellants received notice of this action October 18, 1985, and timely filed a notice of intent to appeal October 29, 1985, within the 15 days required for filing such notice.

On December 13, 1985, appellants filed an original petition in the district court of Fort Bend County seeking, among other things, declaratory and injunctive relief. Appellee's motion to dismiss was granted for lack of subject matter jurisdiction April 3, 1986, on the ground appellants had failed to file their petition within 45 days of October 18, 1985, the date of receipt of notice of determination by the review board.

Whether a petition must be filed within 45 days of the receipt of notice of determination is the question presented by this appeal. We hold that it must and affirm the order of dismissal.

The relevant portions of the Tax Code are as follows:

§ 41.41 Right of Protest

A property owner is entitled to protest before the appraisal review board the following actions:

(1) determination of the appraised value of his property....

§ 41.47 Determination of Protest

(a) The appraisal review board hearing a protest shall determine the protest and make its decisions by written order.

(d) The board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser.

§ 42.01 Right of Appeal by Property Owner

A property owner is entitled to appeal:

(1) an order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41 of this Code;....

§ 42.06 Notice of Appeal

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47.

(b) The notice must be filed with the body that issued the order appealed....

§ 42.21 Petition for Review

(a) A party who appeals as provided by this Chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section....

Appellants assert that the 15-day period in § 42.06 and the 45-day period in § 42.21 are triggered by different events. In § 42.06, the time begins to run when notice of an order of determination of protest sent pursuant to § 41.47 is received. That receipt of such notice is the proper commencement time for the 15-day limit is undisputed. Failure to comply deprives the district court of jurisdiction. *Rockdale Independent School District v. Thorndale Independent School District*, 681 S.W.2d 225 (Tex.App.—Austin 1984, writ ref'd n.r.

e.). Appellants' compliance with § 42.06 is also undisputed.

The problem surrounds § 42.21. Appellants assert that the "final order" which commences the 45–day time limit of § 42.06 is not the "order of determination" issued under § 41.47. Appellees urge that the orders are identical and both time periods begin upon receipt of notice under § 41.47.

Appellants argue the time under § 42.21 never began since they never received what they believed was a "final order." No cases appear to squarely address the issue.

■ When construing statutes, it is well settled that courts should try to determine the legislative intent from the language of the statute. *Crimmins v. Lowry*, 691 S.W.2d 582 (Tex.1985); *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984). Meaning should be given by considering the entire act. *Sayre v. Mullins*, 681 S.W.2d 25 (Tex. 1984). Since this statute is not attacked as invalid or vague, focus must center on proper construction.

The portion of § 42.21 reading "notice that a final order has been entered from which appeal may be had" demands the closest scrutiny. The question is, simply stated: Is the "final order" the order of determination of protest under § 41.47?

■ The notice sent to appellants was titled "order determining protest" rather than "final order." A final order, however, is one that leaves nothing else to dispute. *Southern Union Gas Co. v. Railroad Commission of Texas*, 690 S.W.2d 946 (Tex.App.—Austin 1985, no writ). While the order from the review board does not expressly say it is a final order, it does not indicate any other matter is left in dispute, or that any further orders will be forthcoming. It is, furthermore, an order which can be "appealed from." Section 42.01 expressly states that orders determining protest may be appealed. Nowhere in the statute is it expressed or implied that the property owner is entitled to receive anything other than the order from the review board under § 41.47.

In construing the statute as a whole, there can be no other interpretation than that the legislature intended that the 45–day time limit of § 42.21 begin upon receipt of notice under § 41.47. We can agree with appellants that the wording of these statutes could have been stated in a clearer, more comprehensible manner. It is, nevertheless, the purpose of the courts to give meaning to a statute as written.

■ The procedures provided in §§ 41.-01–.69 and §§ 42.01–.09 are the exclusive means by which to attack the excessiveness of an order by the review board. Failure to comply with these procedures amounts to a failure to exhaust administrative proceedings, and deprives the tax payer of appeal to the district court. *Dallas County Appraisal Dist. v. LAL*, 701 S.W.2d 44 (Tex.App.—Dallas 1985, no writ). While the result may be harsh, the mandatory language in those sections acts to deprive the court of any discretion, and if failure to meet the requirements of those sections is shown, the court has no recourse but to dismiss as it has no jurisdiction.

Appellants further urge that § 41.47(d) should be interpreted to mean that the C.A.D. should render the appealable order. Appellant cites no authority but argues it is the duty of C.A.D. as the receiver of notice from the review board and the keeper of the property records to render the "final order." The only notice provided for in § 41.47 is to come from the review board sent to the chief appraiser and to the property owner. Once again, appellants cite no reference to a code provision indicating appellants should get any notice other than that received by them from the review board.

For the reasons herein stated, the trial court acted properly in dismissing the petition of appellants. The judgment is affirmed.