**ECTOR COUNTY COMMISSIONERS COURT, et al., Appellants,**

v.

**CENTRAL EDUCATION AGENCY, et al., Appellees.**

No. 3–89–185–CV.

Court of Appeals of Texas, Austin.

Feb. 14, 1990.

Rehearing Denied March 21, 1990.

Motion to Publish Opinion Granted March 28, 1990.

Margaret A. Cooper, Odé & Cooper, Austin, for appellants.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Central Educ. Agency.

Charles Tighe, Corby Considine, Diann M. Hanson, Cotton, Bledsoe, Tighe & Dawson, Midland, for Midland ISD.

Before SHANNON, C.J., and JONES, J.

JONES, Justice.

The Ector County Commissioners Court (Ector County) approved a detachment and annexation of land from the Midland Independent School District (MISD) to the Ector County Independent School District (EC-ISD). The land was entirely within Midland County. The Central Education Agency (CEA) reversed the Ector County order. The district court affirmed the CEA's decision. We will reverse the trial court's judgment and dismiss the cause.

In 1983 a petition was filed with ECISD requesting the detachment of 4,186 acres of land from MISD. The petition was signed by a majority of the qualified voters residing within the territory. The petition was subsequently approved by ECISD and Ector County. *See* 1967 Tex.Gen.Laws ch.

487, § 1, p. 1106 [Tex.Educ.Code Ann. § 19.261, since amended]. MISD then appealed Ector County's order granting the detachment and annexation to the Commissioner of Education (Commissioner).

On December 7, 1984, the Commissioner entered an order (the "1984 order") reversing the decision of Ector County and denying the detachment and annexation. Ector County filed a motion for rehearing in response to the Commissioner's order. The parties then agreed to extend the time for the Commissioner's consideration of the motion for rehearing until the court of appeals and, subsequently, the Texas Supreme Court rendered their decisions in a factually similar case. *See Upshur County Commissioners Court v. Central Education Agency*, 697 S.W.2d 443 (Tex.App. 1985), aff'd, 731 S.W.2d 559 (Tex.1987). The hearings officer entered orders confirming and approving this agreement on February 1, 1985, and again on October 17, 1985. After the Supreme Court rendered its decision on April 29, 1987, Ector County reurged its motion for rehearing, and the parties submitted briefs and oral argument. On December 19, 1987, the Commissioner withdrew his 1984 order and entered a new order (the "1987 order") reversing the decision of Ector County. No motions for rehearing were filed in response to the 1987 order.

On January 26, 1988, Ector County filed its petition in district court seeking judicial review of the Commissioner's order. The CEA and MISD filed pleas to the jurisdiction, asserting that the district court lacked subject-matter jurisdiction over the suit because Ector County had failed to file a motion for rehearing complaining of the 1987 order. The district court overruled the pleas to the jurisdiction and ultimately affirmed the Commissioner's decision.

■ At the outset, this Court must determine its jurisdiction and the district court's jurisdiction to entertain this suit. A motion for rehearing is a prerequisite to an administrative appeal and is jurisdictional in nature. *Vandergriff v. First Federal Sav. & Loan Ass'n*, 586 S.W.2d 841 (Tex. 1979); *Southern Union Gas Co. v. Rail-road Comm'n*, 690 S.W.2d 946 (Tex.App. 1985, writ ref'd n.r.e.); Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 16(c), (e) (Supp.1990). The motion for rehearing must be filed in response to the *final* order of the agency, *Southern Union*, 690 S.W.2d at 948, and the motion must "be sufficiently definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 365 (Tex.1983).

■ Ector County asserts that the district court had jurisdiction because a new motion for rehearing is not required when an agency *denies* an initial motion for rehearing, and that the Commissioner's 1987 order merely denied Ector County's motion for rehearing. In support of this proposition, Ector County cites a number of cases holding that a new motion for rehearing is required when an agency *grants* an initial motion for rehearing. *See, e.g., Southern Union*, 690 S.W.2d at 948. Ector County's argument might be valid if an agency could modify a final order *only* by granting a motion for rehearing. However, that is not the law. Assuming that the time in which the agency could act on Ector County's motion for rehearing was properly extended, the Commissioner had plenary power to withdraw the 1984 order and issue a new order. *See Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 142 (Tex.App. 1986, writ ref'd n.r.e.). Therefore, because the agency entered a new and different order, Ector County was required to file a new motion for rehearing in order to seek judicial review of the new order, regardless of whether the order granted or denied or took no action on Ector County's motion for rehearing.

■ Ector County also asserts that the district court had jurisdiction because the 1987 order reached the same result as the 1984 order. However, the record reveals that the legal basis underlying the 1987 order is different than that underlying the 1984 order; although the result reached is the same, the two orders are not the same. The finality of an order does not turn on

whether the changes reflected in such a new order are of a substantial or minor nature. *See Southern Union,* 690 S.W.2d at 948.

It is immaterial that Ector County filed a motion for rehearing to the 1984 order, because that order was later modified and, therefore, was not the agency's final order. The agency's final order was the 1987 order. To have properly sought judicial review of the 1987 order, Ector County must have filed its motion for rehearing with the Commissioner within the specified time after the Commissioner rendered it. This Ector County failed to do. For these reasons, the district court erred in overruling the pleas to the jurisdiction.

The judgment of the district court is reversed and judgment is here rendered that the cause be dismissed for want of subject-matter jurisdiction.