TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00229-CV







Bernard J. Dolenz, Appellant



v.



Texas State Board of Medical Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 91-1399, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING








 Appellee Texas State Board of Medical Examiners (the "Board") suspended Bernard
J. Dolenz' medical license for one year, probated. The district court dismissed Dolenz' suit for
judicial review of the order on the basis that his motion for rehearing before the Board was
insufficient. Dolenz appeals the order of dismissal, urging four points of error. We will reverse
the district court's order of dismissal.

 In point of error one, Dolenz asserts that the district court erred in holding it had
no jurisdiction because his motion for rehearing before the agency was insufficient. In response
to Dolenz' original petition, the Board filed a plea to the jurisdiction asserting: "Dolenz failed
to file a motion for rehearing containing the specific assertions of error committed by the Board
in its decision that advanced for the first time during oral argument at trial [sic]. That failure
deprives [the district] court of jurisdiction to consider those claims." The plea to the jurisdiction
complains only of the specificity of the motion for rehearing; the Board did not assert that Dolenz
failed to file a motion for rehearing or that the motion was untimely. (1) The resulting district-court
order states:



 Upon consideration of the pleadings and the presentation of arguments by
both parties, it is the opinion of this Court that it has no jurisdiction over the
administrative appeal of the Order entered by the Texas State Board of Medical
Examiners, due to the fact that [Dolenz'] Motion for Rehearing, filed at the Board,
was insufficient.


 It is therefore ORDERED, ADJUDGED AND DECREED that the
administrative appeal is dismissed for lack of jurisdiction.



 Section 2001.145 of the Administrative Procedure Act provides that a timely
motion for rehearing is a prerequisite to a suit for judicial review of an agency order. 
Administrative Procedure Act ("APA"), Tex. Gov't Code Ann. § 2001.145(a) (West 1995). (2) The
purpose of a motion for rehearing of an agency order is to provide an agency notice that a party
is dissatisfied with a final order and that the party will seek review if the ruling is not changed. 
Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983); see United Sav.
Ass'n v. Vandygriff, 594 S.W.2d 163, 168-70 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.). 
The supreme court has determined that a motion for rehearing must "be sufficiently definite to
apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct
the error or to prepare to defend it." Suburban Util. Corp., 652 S.W.2d at 365; accord Texas
Ass'n of Long Distance Tel. Cos. v. Public Util. Comm'n, 798 S.W.2d 875, 881 (Tex.
App.--Austin 1990, writ denied). Accordingly, a motion must set out two requirements pertaining
to each contention: (1) the particular ruling or action of the agency that the movant asserts was
erroneous and (2) the legal basis upon which the claim of error rests. Morgan v. Employees'
Retirement Sys., 872 S.W.2d 819, 821 (Tex. App.--Austin 1994, no writ); Burke v. Central Educ.
Agency, 725 S.W.2d 393, 396-97 (Tex. App.--Austin 1987, writ ref'd n.r.e.). The Board's
assertion that Dolenz' motion for rehearing did not satisfy these requirements was the sole basis
of its plea to the jurisdiction.

 A plea to the jurisdiction contests the court's authority to determine the subject
matter of the cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus
Christi 1989, writ denied); Schulz v. Schulz, 726 S.W.2d 256, 257 (Tex. App.--Austin 1987, no
writ). The plea raises incurable defects in jurisdiction which are shown on the face of a plaintiff's
pleadings, taking the pleadings' allegations as true. (3) Bybee v. Fireman's Fund Ins. Co., 331
S.W.2d 910, 917 (Tex. 1960); Washington v. Fort Bend Indep. Sch. Dist., 892 S.W.2d 156, 159
(Tex. App.--Houston [14th Dist.] 1994, writ denied). If well taken, the trial court must sustain
the plea and dismiss the cause. Texas Highway Dep't v. Jarrell, 418 S.W.2d 486, 488 (Tex.
1967). When a cause of action derives from a statute, the statutory provisions are mandatory and
exclusive and must be complied with; otherwise, the action is not maintainable because the court
lacks jurisdiction. Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 891 (Tex. 1986); Mingus
v. Wadley, 284 S.W. 1084, 1087 (Tex. 1926); Methodist Hosps. v. Texas Workers' Compensation
Comm'n, 874 S.W.2d 144, 149 (Tex. App.--Austin 1994, no writ). Accordingly, whether a party
seeking judicial review of an agency order complied with the rehearing requirement of section
2001.145(a) of the APA may properly be the subject of a plea to the jurisdiction. See Ector
County Comm'rs Court v. Central Educ. Agency, 786 S.W.2d 449, 541 (Tex. App.--Austin 1990,
writ denied); Mahon v. Vandygriff, 578 S.W.2d 144, 147-48 (Tex. App.--Austin 1979, writ ref'd
n.r.e.).

 Furthermore, a motion for rehearing may be so general that the motion fails
completely as a motion for rehearing. See Hamamcy v. Texas State Bd. of Medical Examiners,
No. 03-94-00136-CV (Tex. App.--Austin May 31, 1995, no writ h.). In that instance, the suit for
judicial review is subject to dismissal for want of jurisdiction. See Id.; Testoni v. Blue Cross &
Blue Shield, 861 S.W.2d 387, 391 (Tex. App.--Austin 1992, no writ) (one-sentence motion was
not sufficient to preserve error or provide jurisdiction). Accordingly, we consider whether the
district court may have granted the Board's plea to the jurisdiction on that basis in this proceeding.

 "In deciding whether to grant a plea to the jurisdiction, the trial court must look
solely to the allegations in the petition." Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739
(Tex. App.--Austin 1994, writ denied); see Green v. Watson, 860 S.W.2d 238, 240 n.2 (Tex.
App.--Austin 1993, no writ). When reviewing a trial court order granting a plea to the
jurisdiction, an appellate court "construe[s] the pleadings in favor of the plaintiff and look[s] to
the pleader's intent." Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993) (quoting Huston v. Federal Deposit Ins. Corp., 663 S.W.2d 126, 129 (Tex.
App.--Eastland 1983, writ ref'd n.r.e.)); see North Alamo Water Supply Corp. v. Texas Dep't of
Health, 839 S.W.2d 455, 457 (Tex. App.--Austin 1992, writ denied).

 In his first amended original petition, Dolenz states that a Board order was sent to
him on November 28, 1993; that he filed a timely motion for rehearing on or about December 3,
1990; and that the Board overruled the motion for rehearing. Attached to the petition as exhibits
are copies of the Board's order, signed on November 12, 1990, and a motion for rehearing with
the cause number and style of the Board order and Dolenz' signature, and showing service on the
Board on December 3, 1990. (4) See Tex. R. Civ. P. 59. The motion for rehearing attached to
Dolenz's petition is not so general as to fail completely as a motion for rehearing. Construing the
pleadings in Dolenz' favor and looking to his intent, we conclude that the district court incorrectly
granted the Board's plea to the jurisdiction on the basis of the insufficiency of the motion for
rehearing. See Texas Ass'n of Business, 852 S.W.2d at 446; Liberty Mut. Ins. Co., 874 S.W.2d
at 736. Because we have determined that the district court incorrectly granted the plea to the
jurisdiction, we sustain Dolenz' first point of error. 

 In his second point of error, Dolenz contends the district court erred in not granting
his motion for summary judgment on his claims against the board. The transcript does not include
an order overruling the motion for summary judgment. Furthermore, an appellate court cannot
review a trial court's action overruling a motion for summary judgment when the trial court has
rendered an order of dismissal. Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966);
see Nuby v. Allied Bankers Life Ins. Co., 797 S.W.2d 396, 397 (Tex. App.--Austin 1990, no writ). 
We overrule the second point of error.

 Points of error three and four are directed to the Board's order. Because the
district court did not reach these issues, we do not address these points.

 Based on our determination that the district court erred in dismissing the cause for
want of jurisdiction, we reverse the order of the district court and remand the cause to that court
for further proceedings.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: May 31, 1995

Publish

1. [1]  The plea to the jurisdiction also asserts claims of sovereign and official immunity that are
not at issue here.
2. [2]  All citations in this opinion are to the current Administrative Procedure Act rather that the
former Administrative Procedure and Texas Register Act, because the recent codification did not
substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex.
Gen. Laws 583, 986.
3. [3]  A plea to the jurisdiction can also challenge the accuracy or truth of jurisdictional facts
pleaded by the plaintiff, in which case evidence of such facts must be presented. See 2 Texas Civil
Practice § 9.11 (Diane M. Allen et al eds., 1992 ed.). Here, the Board's plea did not assert such
a challenge.
4.   The dissent contends that we cannot consider Dolenz' appeal because the appellate
record contains "neither the original nor a certified copy of the agency record[.]" We
disagree because of the narrow context of this appeal. The Board filed its plea to the
jurisdiction based upon Dolenz' failure to file a sufficiently definite motion for rehearing
challenging the Board's final order. The district court ordered a dismissal for lack of
jurisdiction based solely upon a "consideration of the pleadings and the presentation of arguments
by both parties." (Emphasis added). Thus, in the context of this dismissal for want of
jurisdiction, the appellate court must look to the pleadings and attachments thereto in order to
determine whether the district court erred in its dismissal.