# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00657-CV

**Rudy Cisneros, Appellant**

**v.**

**State Board for Educator Certification, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GN502299, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The question in this case is whether the district court had subject matter jurisdiction to review an administrative order when the party seeking review filed a motion for rehearing from an earlier order, but not from the final order. The district court concluded that the failure to file a motion for rehearing from the final order deprived it of jurisdiction and dismissed the appeal. We agree and affirm.

## BACKGROUND

Appellant, Rudy Cisneros, was employed as a high school teacher by the Valley View Independent School District. Appellee, the State Board for Educator Certification, sought revocation of Cisneros's teaching certificate pursuant to 19 Tex. Admin. Code § 249.15, which provides that the Board may "revoke or cancel" a teacher's certificate "upon a determination of satisfactory evidence that the person is unworthy to instruct or supervise the youth of this state." 19 Tex. Admin. Code § 249.15(a)(5), (c)(2) (West 2006). The Board alleged that over a period of several months

during the 2000-2001 school year, Cisneros engaged in an inappropriate romantic and sexual relationship with one of his students. Cisneros denied these allegations.

A contested case hearing was held before an administrative law judge, who issued a proposal for decision ("PFD") finding that Cisneros had engaged in "inappropriate" conduct with a student. However, the ALJ disagreed that this conduct was grounds for terminating Cisneros's teaching certificate. The ALJ made the following conclusions of law:

> 5. [The Board] did not demonstrate by a preponderance of credible evidence that Cisneros lacks good moral character and is unworthy to instruct the youth of this state. . . .
>
> 6. Based upon the foregoing findings of fact and conclusions of law, [the Board's] petition to revoke the teaching certificate . . . of [Cisneros] should be denied.

Both the Board and Cisneros filed exceptions to the ALJ's PFD. Cisneros objected to the ALJ's finding that he engaged in "inappropriate" conduct. The Board primarily objected to the ALJ's ultimate conclusion that Cisneros's certificate could not be revoked. Other than making a minor clarification regarding an incorrect code citation, the ALJ denied both parties' exceptions and maintained its recommendation that Cisneros's certificate not be revoked.

The Board considered the Cisneros matter and issued a "Final Decision and Order" in which it accepted the ALJ's proposed findings of fact but added additional findings of fact regarding specific instances of Cisneros's conduct that had not been included in the ALJ's findings. The Board also rejected the ALJ's conclusions of law 5 and 6 and substituted the following:

> 5. [The Board] has established by a preponderance of the evidence that Rudy Cisneros's conduct renders him unworthy to instruct or supervise the youth of this state, in violation of 19 Tex. Admin. Code § 249.15(c)(2).

6. Respondent Rudy Cisneros's Texas Educator Certificate is subject to sanctions pursuant to 19 Tex. Admin. Code § 249.15(c)(2) and § 249.15(a).

7. The Texas Educator Certificate of Rudy Cisneros is hereby permanently revoked pursuant to 19 Tex. Admin. Code § 249.15(a)(5).

In accordance with its findings and conclusions, the Board ordered Cisneros's teaching certificate permanently revoked.

Cisneros timely filed a motion for rehearing of the Board's decision and order, which he subsequently amended twice. Cisneros contended that the Board committed error by:

1) Issuing a Final Order of revocation of [Cisneros's] certificate after violating [Cisneros's] due process rights to be present and offer response at the [Board's] meeting.

2) Acting in violation of [19 Texas Admin. Code § 249.39] by failing to state its authority to modify or reject the ALJ's PFD, and furthermore, issuing a Final Order with new findings of fact and conclusions of law that is not in compliance with this statute.

3) Acting in violation of the Administrative Procedure Act by failing to state its statutory authority to modify or reject the ALJ's PFD, and furthermore, issuing a Final Order with new findings of fact and conclusions of law that is not in compliance with Administrative Procedure Act § 2001.058(e) . . . .

4) Failing to exercise discretion in regards to the ALJ's recommendation, findings of fact and conclusions of law, and issuing an order without consideration of the substantial evidence in the record as a whole.

5) Violating a statutory provision that requires the Board to prove by the preponderance of the evidence in the hearing record, that the Respondent, as per board definition [19 Tex. Admin. Code § 249.3(55)], is "unworthy of instructing or supervising the youth of this state."

6) Acting in an arbitrary and capricious manner by proposing, voting, and accepting a decision to revoke [Cisneros's] teaching certificate and then later creating an order with new findings of fact and conclusions of law to uphold their decision without thoroughly reviewing the record as a whole.

3

The Board granted the motion for rehearing, withdrew its original order, and issued an "Order on Rehearing." Rather than supplementing the ALJ's fact findings, the Board's new order simply adopted the ALJ's recommended findings "verbatim and in their entirety." It also adopted the ALJ's recommended conclusions of law, but with the following "modifications":

1. Conclusion of law number 5 on page 14 is modified to strike the word "not" with conforming changes so that the conclusion of law found by the Board reads as follows:

> *[The Board]* <u>*did*</u> *demonstrate by a preponderance of credible evidence that Cisneros lacks good moral character and is unworthy to instruct the youth of this state as contemplated in 19 Tex. Admin. Code § 249.15(a) and (c)(2).*

2. Conclusion of law number 6 on page 15 is modified to strike the word "denied" and replace it with the word "granted" with conforming changes so that the conclusion of law found by the Board reads as follows:

> *Based upon the foregoing findings of fact and conclusions of law, [the Board's] petition to revoke the teaching certificate . . . of [Cisneros] should be* <u>*granted*</u>*.*

Based on these findings and conclusions, the new order, like the original, permanently revoked Cisneros's teaching certificate.

It is undisputed that Cisneros timely received a copy of the new order but did not file a motion for rehearing in response. Instead, he filed a petition for judicial review. In the petition, Cisneros alleged that the Board:

1) Violated APA § 2001.141 by issuing Findings of Fact 4 and 5 and Conclusions of Law 5 and 6 without substantial evidence and by relying on evidence not part of the hearing record before the ALJ.

2) Acted in violation of the Administrative Procedure Act and in an arbitrary and capricious manner in respect to Findings of Fact Numbers 4 and 5 by failing to

4

properly modify the technical errors raised by the Petitioner in the ALJ's Findings of Fact as per Administrative Procedure Act § 2001.058(e)(1)(c).

3) Acted in violation of the statutory provision found in [19 Tex. Admin. Code § 249.17], and acted in an arbitrary and capricious manner in regards to the ALJ's recommendation, respective to Findings of Fact Numbers 4 and 5, and without consideration of the underlying evidence in the record as a whole in issuing Conclusions of Law Numbers 5 and 6.

4) Violated a statutory provision that requires the Board to prove by a preponderance of the evidence in the hearing record, that the Petitioner, as per board definition [19 Tex. Admin. Code § 249.3(55)], is "unworthy of instructing or supervising the youth of this state."

5) Acted in violation of [19 Tex. Admin. Code § 249.39] by issuing a Final Order that is not in compliance with this statute.

6) Acted in violation of the Administrative Procedure Act by issuing a Final Order that is not in compliance with Administrative Procedure Act § 2001.058(e) . . . .

The Board filed a plea to the jurisdiction, asserting that Cisneros failed to exhaust his administrative remedies by not filing a motion for rehearing in response to the Board's final order. The district court granted the plea and dismissed the cause for lack of jurisdiction. This pro se appeal by Cisneros followed.

**DISCUSSION**

The sole issue on appeal is whether the district court erred in granting the Board's plea to the jurisdiction. Whether the district court has subject matter jurisdiction is a question of law we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Disciplinary proceedings brought by the Board are governed by the Administrative Procedure Act ("APA"). Tex. Educ. Code Ann. § 21.041(b)(7) (West 2006). The APA provides that a person "aggrieved by a final decision in a contested case" is entitled to judicial review of that

decision only after having first "exhausted all administrative remedies available within a state agency." Tex. Gov't Code Ann. § 2001.171 (West 2000). A decision in a contested case is final on the expiration of the period for filing a motion for rehearing, if a motion for rehearing is not filed on time. *Id*. § 2001.144(a)(1) (West 2000). "A motion for rehearing in a contested case must be filed by a party not later than the 20th day after the date on which the party or the party's attorney of record is notified . . . of the decision or order that may become final under Section 2001.144." *Id*. § 2001.146 (West 2000). A timely motion for rehearing is a prerequisite to an appeal in a contested case. *Id*. § 2001.145 (West 2000).

Cisneros contends that he satisfied the statutory prerequisite to suit by timely filing a motion for rehearing following the Board's first order. The Board responds that because it granted Cisneros's motion for rehearing and withdrew its first order, the original order was not final, and Cisneros was required to file a new motion for rehearing in response to the second, final order.[1]

This Court has addressed this issue at least twice and both times held that the petitioner was statutorily required to file a second motion for rehearing following the agency's modified order. In *Southern Union Gas Co. v. Railroad Commission of Texas*, 690 S.W.2d 946 (Tex. App.—Austin 1985, writ ref'd n.r.e.), Southern Union Gas was aggrieved by a decision of the Railroad Commission that set rates for natural gas service in the City of Borger. *Id*. at 947. The Commission signed an order on February 28, 1983. *Id*. Southern Union Gas timely filed a motion

---

[1] The Board claims that its second order "differed substantially from its withdrawn . . . order." We need not address the merits of this contention because, for reasons we discuss below, the "finality of an order does not turn on whether the changes reflected in such a new order are of a substantial or minor nature." *Ector County Comm'rs Court v. Central Educ. Agency*, 786 S.W.2d 449, 450-51 (Tex. App.—Austin 1990, writ denied).

6

for rehearing from that order. *Id*. The Commission granted the motion for rehearing "for the limited purpose of changing the effective date for implementation of the new rates, thereby modifying the February 28 order." *Id*. It denied the motion for rehearing "in all other respects." *Id*. The Commission signed its new order on March 28. Southern Union Gas filed no motion for rehearing in response. *Id*. Instead, it filed an administrative appeal in Travis County district court. The Commission filed a plea to the jurisdiction, which the district court granted. *Id*.

In affirming the district court's decision, this Court first noted that a "final order means an order which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final order." *Id*. at 948. We then held that an order "cannot be final and appealable when of fact it has been changed by a subsequent order." *Id*. at 948.

Citing to Illinois law, Southern Union Gas urged us to "draw a distinction between an agency order changed substantially in response to a motion for rehearing and one changed only in a minor fashion in response to such motion." *Id*. We rejected such an approach:

> This Court doubts the wisdom of a rule that makes finality and appealability of an agency order turn upon whether changes effected in the order in response to a motion for rehearing are of a substantial or of a minor character. Accordingly, this Court declines to tread that mirey bog and will refuse to follow the Illinois rule.

*Id*. We concluded that it was "not material that the gas company filed a motion for rehearing to the February 28 order because that order had been modified and therefore was not the agency's final order." *Id*. at 949.

*Ector County Commissioners Court v. Central Education Agency*, 786 S.W.2d 449 (Tex. App.—Austin 1990, writ denied), involved a dispute between Ector County and the Commissioner of Education relating to a decision regarding detachment and annexation of land in

7

Midland County. *Id*. at 449-50. The Commissioner entered an order in 1984 denying Ector County the right to annex the land. *Id*. at 450. Ector County filed a motion for rehearing in response to the Commissioner's order. *Id*. Because a factually similar case was proceeding through the appeals process, the parties agreed to extend the time for the Commissioner to consider the motion for rehearing. *Id*. In 1987, the factually similar case was decided by the Texas Supreme Court, and Ector County reurged its motion for rehearing. *Id*. The Commissioner overruled the motion but withdrew the 1984 order and entered a new order that reached the same result as its previous order. *Id*. No motions for rehearing were filed in response to the 1987 order. *Id*. Instead, on January 26, 1988, Ector County filed its petition in district court seeking judicial review of the Commissioner's order. *Id*. The Commissioner filed a plea to the jurisdiction, which the district court denied. *Id*.

In reversing the district court's decision to deny the plea, we rejected Ector County's argument that a new motion for rehearing is only required when an agency grants a motion for rehearing but is not required when an agency denies an initial motion for rehearing. *Id*. We held that "because the agency entered a new and different order, Ector County was required to file a new motion for rehearing in order to seek judicial review of the new order, regardless of whether the order granted or denied or took no action on Ector county's motion for rehearing." *Id*.

Ector County also argued that no new motion was required because the 1987 order "reached the same result" as the 1984 order. *Id*. We rejected this argument as well:

> However, the record reveals that the legal basis underlying the 1987 order is different than that underlying the 1984 order; *although the result reached is the same, the two orders are not the same*. The finality of an order does not turn on whether the changes reflected in such a new order are of a substantial or minor nature.

8

> It is immaterial that Ector County filed a motion for rehearing to the 1984 order, because that order was later modified and, therefore, was not the agency's final order. *The agency's final order was the 1987 order*. To have properly sought judicial review of the 1987 order, Ector County must have filed its motion for rehearing with the Commissioner within the specified time after the commissioner rendered it. This Ector County failed to do.

*Id*. at 450-51 (emphasis added) (internal citations omitted).

Our decisions in both *Southern Union Gas* and *Ector County* applied already established precedent of this Court. *See, e.g.*, *Railroad Comm'n of Texas v. Exxon Corp.*, 640 S.W.2d 343 (Tex. Civ. App.—Austin 1982, writ ref'd n.r.e.); *Mahon v. Vandygriff*, 578 S.W.2d 144 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.). We have continued to follow *Southern Union Gas* and *Ector County*. *See, e.g.*, *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 843 S.W.2d 718 (Tex. App.—Austin 1992, writ denied); *Ross v. Texas Catastrophe Prop. Ins. Ass'n*, 770 S.W.2d 641 (Tex. App.—Austin 1989, no writ); *El Paso Electric Co. v. Public Util. Comm'n*, 715 S.W.2d 734 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

Cisneros asserts, however, that our decisions in *Southern Union Gas* and *Ector County* have been overruled by the supreme court's more recent decision in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). *Dubai* held that failure to meet a statutory prerequisite to suit will not deprive a trial court of subject matter jurisdiction unless the statute demonstrates a legislative intent that it do so.[2] *Id*. at 76. The decision did not address whether a motion for

---

[2] More recently, the legislature has clarified that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034 (West Supp. 2006).

9

rehearing in a contested case is jurisdictional. We considered *Dubai*'s implications for rehearing motions with agencies in *Hill v. Board of Trustees of the Retirement System of Texas*:

> Applying the rule in *Dubai*, we conclude that the timely filing of a motion for rehearing is jurisdictional because the filing of the motion for rehearing defines and restricts the kind of case a district court may hear—those in which the plaintiff has exhausted its administrative remedies and completed the administrative process.

40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.).

We find no basis in the case law or Cisneros's brief to question the continued validity of our holdings in *Ector County* and *Southern Union Gas*. Applying these established precedents, we hold that Cisneros failed to exhaust his administrative remedies prior to filing suit and, therefore, the district court did not have jurisdiction to review the Board's decision.

We would also observe that these principles are not hollow formalities. The purpose of a motion for rehearing in a contested case is to give the agency notice and an opportunity to remedy the errors alleged by the party seeking judicial review. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364 (Tex. 1983); *Brown v. Texas Dep't of Ins.*, 34 S.W.3d 683, 687 (Tex. App.—Austin 2000, no pet.). Here, Cisneros alleged two errors in his petition for judicial review that he did not allege in his rehearing motion: violation of 19 Tex. Admin. Code § 249.17 and violation of section 2001.141 of the government code. This deprived the Board of notice of these alleged errors and the opportunity to address them.

We overrule Cisneros's issue on appeal.[3]

---

[3] Cisneros argues "in the alternative" that his case "clearly meets primary jurisdiction exceptions" to the exhaustion of administrative remedies requirement. Cisneros misunderstands the nature of primary jurisdiction. "The judicially-created primary jurisdiction doctrine operates to allocate power between courts and agencies when both have authority to make initial determinations

10

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed:   December 29, 2006

---

in a dispute." *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). That is not the situation here. Only the Board has authority to make initial determinations about the suspension or revocation of a teaching certificate. *See* Tex. Educ. Code Ann. § 21.041(b)(7) (West 2006).