**Bert HURLBUT, Appellant,**

**v.**

**DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

**No. 13279.**

Court of Civil Appeals of Texas,
Austin.

May 27, 1981.

---

Russell R. Graham, Randall B. Wood, Ray, Wood & Henderson, Austin, for appellant.

Mark White, Atty. Gen., Martha H. Allen, Asst. Atty. Gen., Austin, James L. McMurtry, County Atty., Russell Bailey, Asst. County Atty., Sal Levatino, Austin, for appellees.

PHILLIPS, Chief Justice.

This case involves the creation of a new school district called the Lake Travis Independent School District (LTISD). This new district was to be created entirely from the Dripping Springs Independent School District (DSISD) which is located in Travis and Hays Counties. LTISD would be approximately 130 square miles in size and would be located entirely in Travis County. The remaining portion of the DSISD would be approximately 239 square miles in size and would be in Hays County. A majority of the voters in both the Travis County part and the Hays County part of DSISD signed petitions endorsing the creation of LTISD.

Appellant, Bert Hurlbut, and Henry Brooks, Jr., appealed the County Board of School Trustees' decision to the Education Commissioner. DSISD intervened in this proceeding. The Education Commissioner, after a hearing, sustained appellant's and Brooks' position. The Commissioner found that all of the statutory requirements, Tex. Educ. Code Ann. § 19.263 (1972), for creating a new school district had been met except one—the requirement that territory from two or more school districts must be used in creating a new district. The State Board of Education affirmed the Education Commissioner's decision.

The DSISD then appealed the agency order to the 261st Judicial District Court of Travis County. Appellant and Brooks filed an answer alleging that they were taxpayers, landowners, and parents of children attending DSISD. During the pendency of that appeal, DSISD and the State Board of Education reached a settlement agreement.

Appellant and Mr. Brooks opposed this settlement agreement.

DSISD filed a motion to strike appellant's and Brooks' "petition in intervention" contending that their answer was actually a "plea of intervention." At the hearing on DSISD's motion to strike, appellant and Brooks tendered evidence showing that they would be directly affected by the agency decision and the administrative appeal. The district court refused to admit the tendered evidence and then granted the motion to strike the "plea of intervention." The district court then rendered judgment upon the settlement agreement. Appellant claims the district court erred in granting the motion to strike the intervention and thereby holding, in effect, that appellant had no standing to intervene.

In order for appellant and Mr. Brooks to have appealed the order of the Board of Trustees to the Education Commissioner, they must show that they were "[p]ersons having [a] matter of dispute among them arising under the school laws" or were "aggrieved by the decisions of any board of trustees . . . ." Tex.Educ. Code Ann. § 11.-13(a) (1972). There can be no real claim that appellant or Mr. Brooks had a dispute with other persons. They disagreed with the decision of the Board of Trustees to create LTISD. Therefore, to show standing, they must plead and prove at the hearing before the Commissioner that they had been aggrieved by the decision of the Board of Trustees.

■ Appellant and Mr. Brooks were represented by the same attorney before the Education Commissioner. They claimed in their second amended notice of appeal and petition filed with the Education Commissioner only that they were "petitioners."[1] Neither appellant nor Mr. Brooks testified at the hearing. The only evidence submitted by anyone to the Education Commissioner pertinent to the issue of standing was a 1975 School District Report of Property Value. That report states that a Ber-

trand Hurlbut was a taxpayer in 1975. Appellant did not attempt to point to any other evidence in the record and we could find no other evidence on the issue of standing. The 1975 report is not evidence that appellant was a taxpayer or a landowner when this case was before the Education Commissioner in 1979. There is no evidence that appellant is the Bertrand Hurlbut listed in the 1975 report. Nor is there any evidence in the record that in 1979 appellant or Mr. Brooks lived within DSISD, owned property in DSISD, or had children attending a school in DSISD. There is no evidence in the record that appellant or Mr. Brooks had any connection whatsoever with the DSISD or was affected in any manner by the decision of the Board of Trustees to create the new district. In short, there is no evidence in the administrative record showing appellant's or Brooks' standing as a taxpayer, landowner, or parent of children attending DSISD.

Appellant and Mr. Brooks' tender of evidence to the district court to show standing is of no avail. A review other than by trial de novo, of an agency decision such as we have here is restricted to the record made before the agency. Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(d)(3) (Supp.1980–81).

■ The question of a party's standing *before the Education Commissioner* must be decided from the record made before the Commissioner and not from evidence presented at the district court. It should be noted that unlike many agency proceedings a person must show that he is aggrieved to appeal a decision of a board of trustees to the Education Commissioner. Tex.Educ. Code Ann. § 11.13(a) (1972). Appellant's attempt to present evidence at the district court to show standing before the Education Commissioner is analogous to a plaintiff's attempt to present, for the first time, evidence to the Court of Civil Appeals to show that he had standing at the district court.

---

1. In their original notice of appeal, appellant and Mr. Brooks alleged that they were property owners and taxpayers.

In reaching this decision we are well aware of the recent Texas Supreme Court decision of *Hooks v. Texas Department of Water Resources*, 611 S.W.2d 417 (Tex. 1981). In that case, Hooks presented ample evidence to show that he was a riparian landowner and that if a permit was granted then from 750,000 to 2,225,000 gallons of water per day from the proposed sewage treatment plant would flow into the stream that crossed his property. The Supreme Court (after noting that it had been conceded during oral arguments that the Hooks would be affected by the decision of the Department of Water Resources) held that the Hooks had standing to appeal the Department of Water Resources order approving a permit for the sewage treatment plant. Hooks pleaded and proved standing while in this case, neither appellant nor Mr. Brooks pleaded or proved at the commissioner hearing that he would be affected by the creation of the LTISD.

The order of the district court dismissing appellant for lack of standing is affirmed.

Affirmed.

POWERS, J., not sitting.

**In re L. F., T. F., and W. F., Jr.**