**RAILROAD COMMISSION OF TEXAS, Petitioner,**

v.

**COMMON CARRIER MOTOR FREIGHT ASSOCIATION, INC., et al., Respondents.**

**No. C–4883.**

Supreme Court of Texas.

Feb. 12, 1986.

Rehearing Denied March 19, 1986.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for petitioner.

Brooks & Brooks, Barry Brooks, Dallas, Robinson, Felts, Starnes, Angenend & Mashburn, John R. Whisenhunt, Austin, for respondents.

PER CURIAM.

This case involves an appeal by the Common Carrier Motor Freight Association, Inc. and its members from an order of the Texas Railroad Commission relating to line-haul rates and minimum charges. The question before us is whether the Association's appeal from the Commission's final order was timely filed in the District Court of Travis County. We hold that it was not and, without hearing oral argument, reverse the judgment of the court of appeals and dismiss the cause. Tex.R.Civ.P. 483.

The Railroad Commission issued its final order regarding the requested rate increase on September 20, 1982. The Commission's order stated that "an imminent peril to the public welfare requires that

this order have immediate effect" and that the "order shall be final and appealable on the date issued." Section 19(b) of the Administrative Procedure and Texas Register Act (TEX.REV.CIV.STAT.ANN. art. 6252–13a) requires that proceedings for review of an agency order be instituted by filing a petition within 30 days after the decision complained of is final and appealable. Under the Commission's final order, then, the Association was required to file its appeal to the District Court of Travis County by October 20, 1982. The appeal was not filed until November 24, 1982, some 35 days after the required time.

The Association contends that the time for filing its appeal was tolled by its motion for rehearing to the Commission's final order, which was not overruled until November 1, 1982. Generally, a motion for rehearing to the appropriate agency is a prerequisite to a judicial appeal. A.P.T.R.A. § 13(a), (e). However, § 16(c) of the Act specifically provides that if an agency finds the existence of an imminent peril to the public health, safety, or welfare and notes that finding on its final order, a motion for rehearing is not required. The Association acknowledges § 16(c) but contends that this provision merely relieves them of the *necessity* of filing a motion for rehearing, it does not *prevent* them from doing so if they so choose.

Clearly, the purpose of the "imminent peril" clause is to shorten the time frame for the appellate process to preserve the public health, safety, or welfare. Were we to allow a prospective appellant to unilaterally lengthen that process, the "imminent peril" clause would be rendered virtually meaningless. We therefore hold that when a regulatory agency designates a final order as constituting an imminent peril to the public, a party wishing to contest that order must file an appeal to the district court within 30 days of the day designated by the agency on which the final order becomes final and appealable.

A majority of the court holds that because the Association's appeal was not timely filed in the district court, that court lacked jurisdiction to review the Commission's order. Accordingly, the judgment of the court of appeals is reversed, the cause is dismissed, and the order of the Railroad Commission is final.