**CONSUMERS WATER, INC., Petitioner,**

v.

**PUBLIC UTILITY COMMISSION OF
TEXAS, Respondent.**

No. C–5305.

Supreme Court of Texas.

March 25, 1987.

Rehearing Denied Jan. 13, 1988.

Robert L. Burns, Sears & Burns, Houston, for petitioner.

Jim Mattox, Atty. Gen., and Stephen J. Davis, Asst. Atty. Gen., Austin, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

This is an administrative appeal by Consumers Water, Inc. from an order of the Public Utility Commission. The order granted Consumers less than the requested increase in water and sewer rates. The district court affirmed the Commission's order. The court of appeals set aside the trial court's judgment and dismissed the appeal, holding the district court lacked jurisdiction to review the Commission's order. 707 S.W.2d 129. We reverse the judgment of the court of appeals and remand the cause to that court for review of Consumers' other points of error.

On June 1, 1983, the Commission rendered a final order granting Consumers an increase in water and sewer rates, directing improvements in the utility system and accounting procedures, and ordering a refund to customers of the difference between the interim rates charged and the rates as finally approved. Paragraph 3 of the order provided: "This order shall be deemed final upon the date of rendition."

Consumers filed a timely motion for rehearing on June 16. In Point of Error No. 2 Consumers contended the order was not final on the date of rendition, because it did not contain a finding of imminent peril to the public. Consumers filed an administrative appeal in district court on July 1, before the Commission had ruled on its motion for rehearing.

On July 15, the Commission rendered its order on Consumers' motion for rehearing. It denied all points of error except for Point 2, writing as follows:

> The Commission granted the Motion for Rehearing only to address Point of Error No. 2 in the Motion. All other Points of Error in the Motion for Rehearing were, and hereby are DENIED.

In response to Point of Error No. 2, it is hereby ORDERED that Paragraph 3

of the Final Order entered on June 1, 1983, be amended to read as follows:

> This Order shall be deemed final in accordance with § 16(c) of the Administrative Procedures Act (APA), Tex. Revised Civ.Stat.Ann. art. 6252–13a (1980).

Consumers did not file a motion for rehearing in response to the Commission's July 15 order. However, Consumers filed a second administrative appeal in district court on July 25. By agreed order the two administrative appeals were consolidated. The Commission filed a plea to the jurisdiction, arguing the district court did not have jurisdiction over the appeal because of Consumers' failure to file a motion for rehearing of its July 15 order. The trial court denied the plea to the jurisdiction but affirmed the Commission's final order.

The Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 16, provides:

> (c) A decision is final, in the absence of a timely motion for rehearing, on the expiration of the period for filing a motion for rehearing, and is final and appealable on the date of rendition of the order overruling the motion for rehearing, or on the date the motion is overruled by operation of law.... If an agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a final decision or order in a contested case, it shall recite the finding in the decision or order as well as the fact that the decision or order is final and effective on the date rendered, in which event the decision or order is final and appealable on the date rendered and no motion for rehearing is required as a prerequisite for appeal.

We hold under either possible interpretation of the July 15 order, Consumers was not required to file a second motion for rehearing. First, if the order were read in conjunction with Point of Error No. 2 in the motion for rehearing, it could have supplied the finding of imminent peril to the public missing from the June 1 order. Thus, Consumers' second petition was timely, because it was filed in district court within 30 days of July 15. *Railroad Commission of Texas v. Common Carrier Motor Freight Assoc., Inc.,* 704 S.W.2d 741 (Tex.1986).

On the other hand, the reference to section 16(c) of APTRA could be considered mere surplusage, since all administrative decisions become final and appealable under its terms. In that case the July 15 order overruled Consumers' motion for rehearing, again rendering the second petition timely. Section 19(b) APTRA.

The motion for rehearing of the application for writ of error is granted and the order of this court of June 11, 1986 refusing Consumers' writ of error, no reversible error, is withdrawn.

The decision of the court of appeals is contrary to section 16 of APTRA. A majority of this court grants Consumers' writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to that court for review of Consumers' other points of error. Tex.R.App.P. 133(b).