# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-97-00002-CV

**WBD Oil & Gas Co. and WBD Oil & Gas Company, Inc., Appellants**

**v.**

**Railroad Commission of Texas; Greg Abbott, in his Official Capacity as Attorney General of the State of Texas; Anadarko Petroleum Corporation; MidCon Gas Services Corp.; Natural Gas Pipeline Company of America; Midgard Energy Company; and Conoco, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. 95-07116, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

WBD Oil & Gas Co., Inc., ("WBD") brought a declaratory judgment action to challenge a set of field rules promulgated by the Texas Railroad Commission ("the Commission"). The field rules were promulgated in a final order following a contested-case proceeding in which WBD did not take part. The trial court dismissed the action for want of jurisdiction. This Court reversed the trial court's judgment, holding that the trial court had jurisdiction to consider a challenge to the field rules pursuant to the Administrative Procedure Act ("the APA") because the field rules were "rules" within the meaning of APA section 3001.028. *WBD Oil & Gas Co. v.*

*Railroad Comm'n*, 35 S.W.3d 34 (Tex. App.—Austin 1999) ("*WBD I*"). The Texas Supreme Court reversed, holding that because section 3001.028 exclusively governs judicial review of rules promulgated under the APA's rulemaking provisions, agency orders on contested-case proceedings, as in WBD's case, are subject to judicial review under other APA provisions. *Railroad Comm'n v. WBD Oil & Gas Co.*, No. 01-0177, 46 Tex. Sup. J. 442, 2003 Tex. LEXIS 9 (Feb. 13, 2003) ("*WBD II*"). On remand, we have been directed to address WBD's remaining issues to determine whether there is an alternative basis for jurisdiction. Because WBD has not pleaded a sufficient basis for jurisdiction, we will affirm the trial court's order of dismissal.

## BACKGROUND

In 1989, the Commission adopted amended field rules governing the production of oil and gas for a new "Texas Panhandle Field" incorporating various wells in a large region of West Texas ("the Field Rules"). The Field Rules affected WBD's well-completion practices. WBD's wells are located in a dolomite formation that constitutes a single stratum in the Panhandle Field. WBD holds title to both the oil and the "casinghead gas" produced from the same formation. Because of the geologic nature of WBD's holdings, WBD has been able to produce natural gas to which it may not own the production rights by shooting perforations in the well casings into the gas formations, higher up the hole. *See Amarillo Oil v. Energy-Agri Prods.*, 794 S.W.2d 20, 27 (Tex. 1990); Howard Williams & Charles Meyers, *Manual of Oil and Gas Terms* 495 (11th ed. 2000). The new Field Rules forbid this practice. Although WBD received adequate notice of the Commission's contested-case proceedings, it elected not to participate in them.

2

In its first amended petition, in addition to its aborted rules challenge under the APA, WBD asserted a claim under the Uniform Declaratory Judgments Act, Civ. Prac. & Rem. Code Ann. ch. 37 (West 1997) ("UDJA"), and requested remedies under section 1983, *see* 42 U.S.C.A. § 1983 (West 1994). In its underlying claim, WBD asserted that the Field Rules were invalid because they exceeded the Commission's statutory authority under the natural resources code. *See* Tex. Nat. Res. Code Ann. § 85.241 (West 1993). In addition, WBD claimed that the Commission's enforcement of the rules would violate various provisions of the United States and Texas Constitutions. The Commission filed a plea to the jurisdiction, contending that WBD's claims were barred by the doctrines of sovereign immunity and primary jurisdiction and were without jurisdictional basis. The trial court granted the plea to the jurisdiction as to all of WBD's pleaded causes of action.[1]

## DISCUSSION

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction is a question of law, which we review *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The plaintiff bears the burden of pleading facts that show the district court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We examine a plaintiff's good faith factual allegations to determine whether the district court has jurisdiction. *See Blue*, 34 S.W.3d at 554. Except when the

---

[1] The district court's order grants the plea to the jurisdiction with respect to all of WBD's pleadings. This includes the request for section 1983 remedies raised in WBD's first amended petition.

3

petition, on its face, demonstrates a lack of jurisdiction, we must liberally construe the allegations in the petition in the plaintiff's favor to support a jurisdiction finding. *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Beacon Natl. Ins. Co. v. Montemayor*, 86 S.W.3d 260, 266 (Tex. App.—Austin 2002, no pet.).

The Texas Supreme Court has held that WBD's claims were not cognizable under the APA's rulemaking provisions and that WBD had adequate notice of the contested-case proceeding by which the Field Rules were adopted. *WBD II*, 2003 Tex. LEXIS 9 at *33-34; *see also Railroad Comm'n v. Torch Operating Corp.*, 912 S.W.2d 790, 792 (Tex. 1995) (Commission field-rule proceedings binding if operator given notice and opportunity to be heard). We will now address WBD's remaining issues: (1) a validity challenge under the UDJA and (2) constitutional and statutory complaints regarding the application of the Field Rules.

### The UDJA

The UDJA grants any litigant whose rights are affected by a statute the opportunity to obtain a declaration of those rights under the statute. Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). The UDJA does not establish subject-matter jurisdiction—an action under the UDJA is merely a procedural device for deciding matters already within a court's subject-matter jurisdiction. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); *Beacon Natl. Ins.*, 86 S.W.3d at 266. When a statute provides an avenue for attacking an agency order through an established procedure, a UDJA action will not lie to provide redundant remedies. *See Texas Mun. Power Auth. v. Public Util. Comm'n*, 100 S.W.3d 510, 518 (Tex. App.—Austin 2003, pet. filed); *Beacon Natl. Ins.*, 86 S.W.3d at 267; *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911

4

(Tex. App.—Austin 1998, pet. denied).  Thus, a court will have jurisdiction to hear a UDJA claim challenging an agency's statutory authority alleging that an agency lacks authority even to apply APA procedures to a given activity or entity.  *See Beacon Natl. Ins.*, 86 S.W.3d at 267 (Department of Insurance's authority to address certain contractual issues); *Public Util. Comm'n v. Allcomm Long Distance, Inc.*, 902 S.W.2d 662, 665 (Tex. App.—Austin 1995, writ denied) (Public Utility Commission's authority to delegate authority to private entities); *Public Util. Comm'n v. City of Austin*, 728 S.W.2d 907, 910-11 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (Public Utility Commission's authority to set certain utility rates); *see also Texas Mun. Power*, 100 S.W.3d at 520 (Public Utility Commission's authority to regulate a type of industry participant).

WBD challenges not the Commission's general authority to adopt well-completion rules, but the Commission's interpretation of a particular statute, section 85.241 of the Texas Natural Resources Code.  WBD argues that the code limits the Commission's power to determine the means by which wells are completed.  However, both the Texas Supreme Court and this Court have held that the Commission has broad statutory authority to regulate well-completion methods.  *See Amarillo Oil*, 794 S.W.2d 20 at 27 (courts will defer to Commission's authority over production and conservation regulations); *Hufo Oils v. Railroad Comm'n*, 717 S.W.2d 405, 409 (Tex. App.—Austin 1986, writ denied) (Commission has authority to limit production of liquified natural gas in situations similar to WBD's); *see also Railroad Comm'n v. Fain*, 161 S.W.2d 498, 500 (Tex. Civ. App.—Austin 1942, writ ref'd w.o.m.) (economic effect of application of Commission production rules is part of necessary application of state's police power).  Instead of challenging the scope of the Commission's authority, WBD attacks the Commission's interpretation and application of a

particular statute in making a contested-case decision. To make this argument, WBD was required to participate in the proceedings and bring a suit for judicial review of the Commission's final order, which WBD failed to do. *See WBD II*, 2003 Tex. LEXIS 9, at \*31-32. We overrule WBD's assertion of jurisdiction to challenge the Field Rules' validity under the UDJA.

### *The Underlying Constitutional Claims*

WBD's remaining complaints deal with the constitutional implications of the Commission's *application* of the Field Rules, *i.e.*, whether WBD has been treated differently from similarly situated producers, whether a vested property right has been taken without due process of law, and whether the Commission's actions have been arbitrary and capricious.[2] These causes of action require us to assess the facts of the Commission's application of its rules to WBD's wells. *See Gulf Land v. Atlantic Ref. Co.*, 131 S.W.2d 73, 82 (Tex. 1939) (oil and gas operator's property rights claim must be based on pleaded facts peculiar to its own wells); *see also California Bankers Ass'n v. Schultz*, 416 U.S. 21, 56 (1974) (absent facts detailing parties' interests, court may not be in position to determine question of law); *cf. City of El Paso v. Madero Dev. & Constr. Co.*, 803 S.W.2d 396, 400 (Tex. App.—El Paso 1991, writ denied) (regulatory takings claim could not be brought without statement by government specifying the degree of government action impairing supposed property rights). Because the Commission had not taken action to enforce the Field Rules

---

[2] WBD may not bring a due process or due course of law claim because its procedural right was to receive notice and process of law. The Texas Supreme Court has held that WBD received adequate notice, *Railroad Comm'n v. WBD Oil & Gas Co.*, No. 01-0177, 46 Tex. Sup. J. 442, 2003 Tex. LEXIS 9, \*34 (Feb. 13, 2003), and the requirements of due process are therefore fulfilled. *See Railroad Comm'n v. Graford*, 557 S.W.2d 946, 953 (Tex. 1977) (due process right means notice and opportunity to have meaningful hearing before Commission).

6

against WBD at the time WBD's first amended petition was filed, WBD has alleged no facts substantiating its claims of unfair treatment. This case presents a classic situation requiring the application of the doctrine of ripeness.

An opinion issued in a case that is not ripe would address only a hypothetical injury rather than remedying actual or imminent harm. *See Texas Ass'n of Bus.*, 852 S.W.2d at 444. Ripeness implicates subject-matter jurisdiction and emphasizes the requirement of a concrete injury to present a justiciable claim. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). In determining whether a cause is ripe, we look to see whether the facts have been sufficiently developed to show that an injury has occurred, or is likely to occur.[3] *Gibson*, 22 S.W.3d at 852; *Patterson*, 971 S.W.2d at 442. A claimant need not show that the injury has occurred, provided that the injury is imminent or sufficiently likely. *Gibson*, 22 S.W.3d at 852; *Patterson*, 971 S.W.2d at 442. To determine ripeness, then, we must examine (1) the fitness of the issues for judicial decision and (2) the hardship occasioned to a party by the court's denying judicial review. *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 843 S.W.2d 718, 724 (Tex. App.—Austin 1992, writ denied).

WBD has alleged no facts substantiating its claim that the Commission has affirmatively acted to prejudice WBD's rights. At most, WBD argues that the Commission has

---

[3] In the specific context of UDJA claims, the ripeness requirement has been described as requiring only that the "ripening seeds of a controversy" be present. *See Mt. Olivet Cemetary Ass'n*, 27 S.W.3d 276, 282 (Tex. App.—Austin 2000, pet. denied) (citing *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153-54 (Tex. App.—Austin 1998, no pet.)).

admitted that the Field Rules are applicable to WBD's wells—not that the rules have been so applied. Furthermore, the Field Rules provide for exceptions to their provisions and a proceeding by which producers with non-complying wells can challenge the Commission's enforcement actions. Given that WBD has now acquired the production rights to the natural gas produced through its already completed wells, the Commission might well determine that no enforcement action is necessary. These circumstances are insufficient to substantiate a claim that the Commission has taken *affirmative action* violating WBD's rights. We also do not believe that our ruling will create any hardship on WBD's part. Because WBD's rights in its completed wells are subject to the Commission's oversight and control, WBD will not suffer any additional hardship by resolving its complaints through the Commission's administrative process. This is not a situation wherein the potential harm of enforcement outweighs the Commission's need to enforce its neutrally applicable rules. *See Gibson*, 22 S.W.3d at 852; *compare Abbott Labs v. Gardner*, 387 U.S. 136, 152-53 (1967) (ripeness dismissal would harm drug companies because they would, as a pleaded fact, have to purchase new manufacturing equipment), *with Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 165 (1967) (ripeness dismissal would not harm drug companies because enforcement procedure would only result in suspension of production license, which could be immediately appealed through administrative procedures).

In an attempt to forestall dismissal, WBD characterizes its claims as requesting 1983 remedies under federal law. WBD cites us to several cases standing for the proposition that some state-law rules, such as sovereign immunity, do not immunize the states from section 1983 suits. *See Howlett v. Rose*, 496 U.S. 356, 369-71 (1990); *Thomas v. Allen*, 837 S.W.2d 631, 632 (Tex.

8

1992) (Texas courts may not refuse to hear valid section 1983 claims based on sovereign immunity). WBD concludes from these authorities that it would be inappropriate under any circumstances for a Texas court to dismiss a pleading in which section 1983 remedies have been requested. However, section 1983 creates only a remedy, not an underlying right which confers jurisdiction on the courts. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). WBD has complained of no specific Commission action creating a cause of action ripe for judicial involvement. Thus, no legal complaint remains upon which WBD can request damages under the authority of section 1983. We therefore overrule WBD's constitutional claims.

## CONCLUSION

Having reviewed and overruled each of WBD's remaining bases for jurisdiction, we affirm the trial court's order of dismissal.

_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Powers[*]

Affirmed

Filed: August 14, 2003

---

[*]   Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

9